635 So.2d 771 (1994)
Louis BARCA
v.
Reginald REED and Shirley Strickland.
No. 93 CA 1081.
Court of Appeal of Louisiana, First Circuit.
April 8, 1994.
*772 Ronald Curet, Hammond, for plaintiff-appellant.
Reginald Reed, in pro. per.
Ted Chapman, Amite, for defendant-appellee Shirley Strickland.
Before LOTTINGER, C.J., and CRAIN and LeBLANC, JJ.
CRAIN, Judge.
Plaintiff appeals a judgment of the district court which sustained defendant's exceptions of no cause of action and no right of action and dismissed his petition to annul a tax sale. Defendant, Shirley Strickland, answers seeking damages for a frivolous appeal. We affirm.
The facts are not in dispute.
The plaintiff holds a mortgage and vendor's lien on a certain piece of real property located in Tangipahoa Parish. The property was titled in the name of CBC, Inc., a now defunct corporation. The property was twice sold at tax sales, once to defendant Reginald Reed, and once to defendant Shirley Strickland. The Reed sale occurred on June 1, 1987, and was recorded June 18, 1987. The Strickland sale occurred June 3, 1987, and was adjudicated July 24, 1987. Plaintiff attempted, without success, to redeem the property from these tax purchasers. He thereafter, on May 29, 1992, filed this action to annul the tax sales. Defendants filed exceptions of no cause of action and no right of action on July 27, 1992.
On November 2, 1992, the exceptions were heard, without evidence being offered. At the time of the hearing plaintiff stipulated that he did not request written notice of the delinquent taxes.[1] On February 25, 1993 the court rendered judgment in favor of the defendants, sustaining their exceptions and dismissing plaintiff's action to annul. This appeal followed.
Plaintiff first contends the trial court erred in granting defendants' exceptions.
The exception of no cause of action raises the issue as to whether the law affords a remedy to anyone for the particular grievance alleged by plaintiff, while the exception of no right of action is employed in cases where the law affords a remedy, but questions whether plaintiff belongs to the particular class in whose exclusive favor the law extends remedy, or raises the issue as to whether plaintiff has the right to invoke a remedy which the law extends only conditionally. Babineaux v. Pernie-Baily Drilling Co., 261 La. 1080, 262 So.2d 328 (1972)
In his petition to annul the tax sales, plaintiff states the existence of the recorded tax sales; the fact that the subject property was owned by a third party; the fact that he holds a mortgage and vendor's lien and seeks the "rights of the owner" to annul the sales for lack of notice of the tax delinquencies.
Clearly a record owner who does not receive notice of the tax delinquency on the property he owns states a cause of action when he files suit to annul a tax sale on that basis. Murphy v. Estate of Sam, 527 So.2d 1190 (La.App. 3rd Cir.1988). In this case plaintiff alleges the property is owned by another and he also states that he is a mortgage holder and the holder of a vendor's lien. The law of this state does not countenance such a cause of action for a mortgage holder. *773 On the contrary, it specifically negates such an action, as evidenced by the language of Louisiana Revised Statute Title 47, Section 2180.1(B)(2), which provides in pertinent part:
LSA.R.S. 47:2180.1
(B)(2) Notwithstanding any other law to the contrary, a tax sale shall not be annulled or set aside due to lack of notice to the mortgagee as provided herein.
As such the trial court correctly found that plaintiff's petition failed to state a cause or a right of action.
Moreover, since plaintiff was not an owner of the property he was not a member of the particular class of persons to whom the law did afford a remedy. Accordingly, the trial court's ruling in sustaining the exception of no right of action was correct.[2]
Plaintiff next argues that he did not receive notice of any of the delinquent tax assessments, and "that as one having a sustained property interest, the lack of notice to him violates the due process provisions of the State of Louisiana and the United States of America." He further alleges that this fact should render the tax sale null and void. We disagree.
The laws of the state make specific provision for notice to a mortgage holder in the event of the occurrence of a tax delinquency assessment: The pertinent provisions are as follows:
LSA.R.S. 9:5201. Mortgage holder may request notice of tax sales
Any person holding a mortgage may file with the clerk of court of the parish wherein the mortgaged property is located a request that he be furnished with notice of each and every tax sale registered during the current year upon the conveyance records of the parish within thirty days from such registry....
LSA.R.S. 47:2180.1. Notice to mortgagee
A. On the second day of January each year or as soon thereafter as possible, the tax collector shall address to each person holding a properly recorded mortgage on immovable property for which taxes are delinquent, if such mortgage holder has notified the tax collector of such recorded mortgage, a written notice as provided in R.S. 47:2180 that the taxes on the immovable must be paid within twenty days after the service or mailing of the notice or the property will be sold according to law. The notice shall be sent to each person holding a properly recorded mortgage on immovable property for which taxes are delinquent by certified mail return receipt requested or by personal or domiciliary service on the mortgagee.... (Emphasis Added).
In the event he avails himself of the notice provisions of the law, he may then pay the taxes and thereby protect his mortgage interest.
In this case, we are not presented with a denial of due process, as the safeguards for affording due process are in place. Rather, we are faced with plaintiff's neglect in failing to exercise the due process rights specifically afforded to him by the laws of this State. For these reasons we find no merit to plaintiff's argument that his failure to receive notice of the tax delinquency constitutes a denial of due process.
Finally, in answer to the appeal defendant Shirley Strickland argues that the appeal is frivolous and she is therefore entitled to damages and attorney fees and costs.
The appellate court may award damages for a frivolous appeal and may tax costs as may be considered equitable. La. C.C.P. Art. 2164. Appeals are favored and penalties will not be imposed unless they are clearly due. Nungesser v. Nungesser 558 So.2d 695 (La.App. 1st Cir.1990), writ den. 560 So.2d 30 (1990). Even when an appeal lacks serious legal merit, damages for a frivolous appeal will not be granted unless the appeal was taken solely for the purpose of delay or the appellant manifest that he is not serious in the position he advocates. City National Bank of Baton Rouge v. Brown, 599 So.2d 787 (La.App. 1st Cir.1992), writ den. 604 So.2d 999 (1992).
*774 In this case the appeal was not an attempt to delay. Moreover, although we find no merit in plaintiff's assignments of error, he was nonetheless sincere in the positions he advocated. The claim for attorney fees, damages, and costs are denied.
For the reasons assigned the judgment of the trial court is affirmed. Costs of this appeal are to be paid by appellant.
Affirmed.
LeBLANC, J., concurs.
NOTES
[1] The stipulation was admissible under the exception of no right of action.
[2] Since there is no way the plaintiff can amend his petition to state a cause or right of action, the court was not required to allow time to amend the petition. La.C.C.P. art. 934.