667 So.2d 1101 (1995)
PARKVIEW OAK SUBDIVISION CORP.
v.
Harold L. TRIDICO, Sheriff, Parish of Ascension, State of Louisiana, Financial Holding Corporation of Louisiana, and Leo P. Lambert, Jr.
No. 95 CA 0604.
Court of Appeal of Louisiana, First Circuit.
November 9, 1995.
Rehearing Denied February 9, 1996.
Donald D. Candell, Gonzales, for Plaintiff-Appellee, Parkview Oak Subdivision Corp.
Penrose C. St. Amant, Gonzales, for Defendants-Appellants, Financial Holding Corporation of Louisiana and Leo P. Lambert, Jr.
Before WATKINS and FOIL, JJ., and TANNER,[1] J. Pro Tem.
WATKINS, Judge.
Defendants, Harold L. Tridico, Financial Holding Corporation of Louisiana and Leo P. Lambert, Jr., appeal the trial court judgment annulling a tax sale for failure to give constitutionally required notice to a record judgment creditor.[2] We affirm.

*1102 FACTS
316 Inc., a Louisiana corporation, was the record title owner of 63.39 acres of land located in the Parish of Ascension, Louisiana. A portion of said tract of land was subject to a conventional mortgage granted by 316 Inc., in favor of Sunbelt Federal Bank (Sunbelt). The mortgage was duly recorded in the office of the clerk and recorder in the Parish of Ascension, Louisiana. 316 Inc. defaulted on the mortgage and the Federal Savings & Loan Insurance Corporation (FSLIC), as receiver for Sunbelt, obtained a judgment against 316 Inc. and Leo P. Lambert, Jr. on January 14, 1988. The judgment was recorded in the Ascension Parish records; however, FSLIC did not file a request for notice of seizure under LSA-R.S. 13:3886.[3] Thereafter, 316 Inc. failed to pay assessed property taxes for the year 1988 after receiving notice that the taxes would be delinquent on December 31, 1988. 316 Inc. received a final notice of delinquent taxes by certified mail on February 14, 1989. The notice informed 316 Inc. that the failure to pay the delinquent taxes within twenty days thereafter would result in the seizure and sale of the property for the delinquent 1988 property taxes. On March 7, 1989, a writ of execution was issued by the United States District Court, Middle District of Louisiana, in the matter entitled Federal Savings and Loan Insurance Corporation, as receiver for Sunbelt Federal Bank, versus 316, Inc. and Leo Lambert, Jr., directing the United States Marshal to levy upon and seize that portion of the property subject to Sunbelt's mortgage. On April 12, 1989, the United States Marshal seized said portion of the property and caused a "Notice of Seizure and Sale" to be recorded in the mortgage records of Ascension Parish. The sheriff and ex officio tax collector for the Parish of Ascension proceeded with the seizure and sale of the subject property for the delinquent 1988 property taxes with the required advertisements commencing to run in the official journal on April 20, 1989, with the sale to take place on May 24, 1989. Prior to the sheriff's sale, the United States Marshal properly advertised his sale under the writ of execution, said sale to take place on June 7, 1989.
On May 24, 1989, the sheriff of Ascension Parish sold an undivided 25% interest in the subject tract of land to defendant, Financial Holding Corporation of Louisiana, Inc. (Financial) for the amount of unpaid taxes, interest and penalties due. The tax sale was executed on June 1, 1989, and recorded on June 16, 1989. On June 7, 1989, at the sale under execution held by the United States Marshal, the FSLIC purchased that portion of the property subject to Sunbelt's mortgage. The Marshal's deed was executed on July 7, 1989, and recorded on July 17, 1989. The Federal Deposit Insurance Corporation, as the successor to the FSLIC, sold the portion of the subject property acquired by it at the United States Marshal's sale to Parkview Oak Subdivision Corporation. Neither 316, Inc., Sunbelt, FSLIC, FDIC nor Parkview Oak ever paid the property taxes for the year 1988, 1989, 1990, or 1991 on the undivided 25% interest in the property sold at the sheriff's sale to Financial. Financial has paid all the taxes due on its undivided 25% interest in the property. No attempt was made to redeem the undivided 25% acquired at the tax sale within the three year redemption period provided by law which expired June 16, 1992.
On April 1, 1993, Parkview Oak Subdivision filed suit to annul the tax sale of the undivided 25% interest to Financial. The parties stipulated the facts herein. They further stipulated that the only question at issue in this suit was whether, under the stipulated facts and sequence of events, the *1103 seizure of the subject property by the United States Marshal acted as a bar to the tax sale made by the sheriff of the Parish of Ascension and consequently invalidated the tax deed, entitling Parkview to have the tax sale annulled, or whether the tax sale to Financial for the undivided 25% interest in the subject tract is valid and Financial is the owner thereof.
The trial court found in favor of the plaintiff and annulled the tax sale based upon the decisions in Mennonite Board of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), Davis Oil Co. v. Mills, 873 F.2d 774 (5th Cir.1989), cert. denied, 493 U.S. 937, 110 S.Ct. 331, 107 L.Ed.2d 321 (1989), and USX Corp. v. Champlin, 992 F.2d 1380 (5th Cir.1993).
In Mennonite, the Mennonite Board of Missions held a mortgage on real property located in Indiana executed by Moore, the property owner. Moore failed to pay taxes on the property and it was subsequently sold at a tax sale in accordance with Indiana law, which required only constructive notice to mortgagees. Because Moore continued to make payments to Mennonite after the tax sale Mennonite did not learn of the sale until the statutory redemption period had expired. In the suit to quiet title, Mennonite contended that it had not received constitutionally adequate notice of the pending tax sale and of the opportunity to redeem the property following the tax sale.
The court in Mennonite, 462 U.S. at 795, 103 S.Ct. at 2709, citing its previous decision in Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950), recognized that "prior to an action which will affect an interest in life, liberty, or property protected by the Due Process Clause of the Fourteenth Amendment, a State must provide `notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" The court explained that "[n]otice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of any party, whether unlettered or well-versed in commercial practice, if its name and address are reasonably ascertainable." Id. 462 U.S. at 800, 103 S.Ct. at 2712.
In applying these principles, the Court concluded that "since a mortgagee clearly has a legally protected property interest, he is entitled to notice reasonable calculated to apprise him of a pending tax sale." Accordingly, "[w]hen the mortgagee is identified in a mortgage that is publicly recorded, constructive notice by publication must be supplemented by notice mailed to the mortgagee's last known available address, or by personal service."
The court in Mennonite refused to address the impact of an Indiana statute similar to LSA-R.S. 13:3886 requiring notice by certified mail to any mortgagee that requested such notice because the statute was not in effect at the time of the tax sale. However, the impact of LSA-R.S. 13:3886 on constitutionally required due process was addressed in Davis Oil Co. v. Mills, 873 F.2d 774 (5th Cir.1989), and Small Engine Shop, Inc., v. Cascio, 878 F.2d 883 (5th Cir.1989), wherein the courts held that a failure to request notice under LSA-R.S. 13:3886 is not a waiver of due process notice under the Fourteenth Amendment and does not relieve a creditor of its constitutional obligation if the creditor has reasonable means at its disposal to identify those parties whose interest will be adversely affected by the foreclosure.[4] Although the Davis court recognized that the seizing creditor is not required to determine conclusively which property interests are in fact viable, the creditor is required to undertake "reasonably diligent efforts" to identify and provide notice to parties having an interest in the subject property. Davis Oil Co. v. Mills, 873 F.2d at 788.
The salient facts in the instant suit are the execution of a sheriff's sale of property subject to a recorded judgment wherein the judgment creditor did not receive actual notice *1104 of the sale because it failed to request such pursuant to LSA-R.S. 13:3886 A.
It is clear from the jurisprudence that a judgment creditor that has properly recorded its judgment in the parish where the property is located is entitled to actual notice of a tax sale as its identity is reasonably ascertainable. See Mennonite and USX Corp. v. Champlin, 992 F.2d 1380. Constructive notice of an impending tax sale is not sufficient to satisfy due process "[w]hen a mortgagee is identified in a mortgage which is publically recorded." Mennonite, 462 U.S. at 798, 103 S.Ct. at 2711. Because the tax sale was executed without proper notice under the Fourteenth Amendment of the federal constitution, the tax sale must be annulled. This is the proper result notwithstanding LSA-R.S. 13:4112, 13:3886.1 and LSA-C.C. art. 2619, as federal law is controlling in this circumstance. See USX Corp. v. Champlin, 992 F.2d at 1385.
For the reasons set forth the judgment of the trial court is affirmed. All costs of this appeal are to be paid by the defendants/appellants.
AFFIRMED.
NOTES
[1] Judge Thomas W. Tanner, retired, is serving as judge pro tempore, by special appointment of the Louisiana Supreme Court.
[2] Defendants allege the following assignments of error:

1. The Trial Court erred in holding that the Sheriff and ex officio tax collector was prohibited from proceeding with the sale of real estate subject to delinquent property taxes when, after the property taxes became delinquent but prior to the Sheriff's Sale to enforce the collection thereof, the property was seized by a judgment creditor in execution of a money judgment.
2. The Trial Court erred in holding that the Sheriff and ex officio tax collector was constitutionally required to give actual notice of proceedings to enforce the collection of delinquent property taxes to a judgment creditor having seized the real estate in execution of a money judgment after the property taxes became delinquent but prior to the date of the tax sale, particularly in view of the stipulation of the parties that the only question at issue in this litigation was whether or not under the facts and sequence of events set forth above the seizure of the subject property by the United States Marshal acted as a bar to the tax sale made by the Sheriff of the Parish of Ascension.
[3] LSA-R.S. 13:3886 provides:

A. Any person desiring to be notified of the seizure of specific immovable property or of a fixture located upon specific immovable property shall file a request for notice of seizure in the mortgage records of the parish where the immovable property is located. The request for notice of seizure shall state the legal description of the immovable property, the owner of the property, and the name and address of the person desiring notice of seizure. The person requesting notice of seizure shall pay the sum of ten dollars to the sheriff.
[4] Compare, Dossett v. Hub City Bank & Trust Co., 546 So.2d 597 (La.App. 3d Cir.), writ denied, 551 So.2d 1318 (La.1989) and Bankers Life Co. v. Shost, 518 So.2d 563 ((La.App. 5th Cir.1987).