**FEDERAL DEPOSIT INSURANCE CORPORATION,**

v.

**Honorable Harry LEE, Sheriff and Ex–Officio Tax Collector for the Parish of Jefferson, et al.**

**Civil Action No. 95–1451.**

United States District Court,
E.D. Louisiana.

July 12, 1996.

William Neil C. Alford, II, Lydia Jane Alford, Alford & Alford, Slidell, LA, for plaintiff.

Kenneth Charles Fonte, Golden & Fonte, Metairie, LA, for Harry Lee.

Patrick Keith Daigle, Daigle, Sullivan, Dupre & Aldous, Metairie, LA, for McNamara Investment Corporation.

### ORDER AND REASONS

FALLON, District Judge.

Before the Court is the plaintiff's motion for summary judgment. Fed.R.Civ.P. 56. This motion was taken on the briefs June 26, 1996. After a review of the briefs, the applicable law, and upon finding that there are no genuine issues of material fact, the plaintiff's motion for summary judgment is GRANTED.

### BACKGROUND

The instant matter is an action by the Federal Deposit Insurance Corporation (FDIC) to annul a tax sale of property by the Sheriff of Jefferson Parish to McNamara Investment Corporation (MIC) on May 29, 1991 (hereinafter referred to as the "tax sale"). The property in question is located on Lot M4, Square 12, Shrewsbury, Jefferson Parish, State of Louisiana. The land and improvements thereon are owned by I Twelve Partnership (I–12) who mortgaged the property (in the form of a collateral mortgage) in favor of New Orleans Federal Savings and Loan Association (NOFSLA) in 1983.

After the property was initially mortgaged, NOFSLA was placed in receivership and the Federal Savings and Loan Insurance Corporation (FSLIC) was appointed as receiver.[1] In 1987, the FSLIC acted upon its collateral mortgage and obtained a judgment against I–12 which they converted to a judicial mortgage on the subject property. Both mortgages were recorded in the public records of Jefferson Parish. Also filed in the public records was a notice of seizure filed by the plaintiff which requested notice of any foreclosure on the property. See La.Rev.Stat. Ann. § 13:3886 (West 1991).

Absent from the public records of Jefferson Parish was a request for notice of tax delinquency. See La.Rev.Stat.Ann. § 47:2180.1 (West 1990). Under Louisiana law, if a mortgage holder wishes to receive notice of the failure of a property owner to pay property taxes she must file a request for notice with the tax collector for the parish were the property is located. Id. The plaintiff failed to request notice from Sheriff Harry Lee. It should be noted that even if the plaintiff had complied with § 47:2180.1, the plaintiff would not have received notice of the tax sale in question. Section 47:2180.1 only provides a mortgage holder with notice of tax delinquency with the understanding that a tax sale will occur sometime in the future.

On May 29, 1991, after I–12 had failed to pay property taxes the instant property was purportedly sold at a tax sale by the Sheriff of Jefferson Parish to MIC.[2] Subsequent to the tax sale, the Sheriff published notice of the sale (constructive notice) and notified directly the property owner I–12. Sheriff Harry Lee did not notify the FDIC, FSLIC or NOFSLA of the tax sale.

It is this failure to provide the plaintiff with notice which plaintiff contends violates its due process rights and renders the sale void ab initio. Defendant MIC asserts that two simple procedures exist which the plaintiff could have availed itself of to protect its rights, namely, the request for notice under § 47:2180.1 or the right to redeem the property under the Louisiana Constitution. See

1. The FSLIC was subsequently dissolved by Congress and the FDIC was substituted as receiver. At the time of the tax sale in question the FSLIC was still in existence.

2. After the tax sale MIC filed a petition for possession of the property in state court and a writ of possession was issued on August 9, 1991.

La. Const. of 1974, art. 7, § 25(B). MIC contends that since the plaintiff, in essence, sat on its rights it is precluded from alleging a due process violation at this time. Defendant Lee simply argues that the FDIC, as an agency of the United States government, has no due process rights to violate thus the tax sale was valid.

### LEGAL STANDARD

Summary judgment will be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56. In this analysis, the Court must view the facts and inferences from the evidence in the light most favorable to the nonmoving party. *Crescent Towing & Salvage Co. Inc. v. M/V Anax*, 40 F.3d 741, 743 (5th Cir.1995). The nonmoving party may not depend solely on denials contained in the pleadings, but must submit specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). Mere conclusory rebuttals by the nonmoving party will not defeat a motion for summary judgment. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *reh'g denied*, 961 F.2d 215 (5th Cir.), *cert. denied*, 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992). In the instant motion, the Court finds that there are no material facts in dispute, so the pertinent question is whether the moving party is entitled to a judgment as a matter of law.

### ANALYSIS

An analysis of procedural due process rights dealing with notice requirements begins with *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983). In facts similar to this case, *Mennonite* involved mortgaged property which was sold at a tax sale. In *Mennonite*, notice had not been given to the mortgagee of the impending sale. The property was sold and the mortgagee did not learn of the sale until it was to late to redeem the land. *Id.* at 794, 103 S.Ct. at 2709. The

*Mennonite* court found that a mortgagee, "possesses a substantial property interest that is significantly affected by a tax sale." *Id.* at 798, 103 S.Ct. at 2711. Therefore, a mortgagee is an interested party affected by a tax sale. Thus, under the Due Process Clause of the Fourteenth Amendment "a State must provide notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 795, 103 S.Ct. at 2709 (quoting, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)).

A failure to provide notice violates an interested party's due process rights under the Fourteenth Amendment. Such notice must be provided to any party whose property interest will be adversely affected if that party's "name and address are reasonably ascertainable." *Id.*, 462 U.S. at 800, 103 S.Ct. at 2712. "Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of any party ..." *Id.*

While strong, *Mennonite* does not create a blanket requirement of notice to every party with a publicly recorded interest in property. *Davis Oil Co. v. Mills*, 873 F.2d 774, 790 (5th Cir.), *reh'g denied*, 877 F.2d 972 (5th Cir.), *cert. denied*, 493 U.S. 937, 110 S.Ct. 331, 107 L.Ed.2d 321 (1989). The notice requirement is tempered by the notion of reasonableness. The pertinent inquiry is whether a state actor could through *reasonable diligence* discover the interest of the party and then attempt notification.

By way of an answer to *Mennonite*, the Louisiana legislature passed § 47:2180.1, discussed above, which called upon mortgagees to notify tax collectors if they wished to be given notice of the tax delinquency of a piece of property. In this case, the plaintiff did not request notice but this delinquency is of no moment here.[3] The

---

**3.** At least one Louisiana appellate court has held that § 47:2180.1 places an affirmative duty on

the mortgagee to request notice and that a failure to request notice under this statute in effect

failure of the plaintiff to request notice does not constitute a waiver of its due process rights.[4] *Davis Oil Co.,* 873 F.2d at 787–8. Furthermore, the requirements of § 47:2180.1 cannot be read to shift the burden of notice from the state actor to the party with the property interest (an affirmative duty of the property owner to request notice as compared with the constitutional duty of the state actor to provide notice). *Small Engine Shop, Inc. v. Cascio,* 878 F.2d 883, 890 (5th Cir.1989).[5] This statute simply supplements Louisiana's preexisting constructive notice provisions and allows those with interest in property, who are not reasonably ascertainable to a diligent state actor, an opportunity to request such notice. *Id.* at 893. Therefore, the plaintiff's failure to request notice in this instance does not *per se* mean Sheriff Lee had no duty under the Due Process Clause to notify the plaintiff. It is merely a factor to be weighed in this Court's reasonableness analysis.

■ In the instant matter, the plaintiff was a mortgagee with a properly recorded mortgage in the public records of Jefferson Parish. The United States Fifth Circuit Court of Appeals has ruled "that due process entitles a mortgagee with a recorded mortgage to actual notice of a tax sale." *USX Corp. v. H.H. Champlin,* 992 F.2d 1380, 1384 (5th Cir.1993); *Mennonite v. Adams,* 462 U.S. 791, 798, 103 S.Ct. 2706, 2711, 77 L.Ed.2d 180 (1983).[6] Moreover, Louisiana

courts have held "that a judgment creditor that has properly recorded its judgment in the parish where the property is located is entitled to actual notice of a tax sale as its identity is reasonably ascertainable." *Parkview Oak Subdivision Corp. v. Tridico,* 667 So.2d 1101, 1104 (La.App. 1st Cir.1995), *writ denied,* 672 So.2d 921 (La.1996). The plaintiff has both a recorded collateral mortgage and a recorded judicial mortgage. At no time did the Sheriff of Jefferson Parish review the mortgage records of this property. The property interest of the plaintiff was reasonably ascertainable by the Sheriff of Jefferson Parish.

Defendant Lee was thus required to provide the plaintiff with actual notice of the tax sale either by mail or personal service. Notice was *not* sent to the FDIC, FSLIC or NOFSL. Therefore, the due process requirements of the Fourteenth Amendment to the United States Constitution were not met in this case. Accordingly, the tax sale in question must be annulled and MIC's writ of possession dissolved.

MIC's argument that the plaintiff somehow waived its due process rights by refusing to redeem the property within the time provided in the Louisiana Constitution of 1974 is without merit. The tax sale in question was constitutionally deficient and thus void ab initio. Consequently, the sale, from its inception, was null. Therefore, the FDIC

waives a parties due process rights. *Barca v. Reed,* 635 So.2d 771, 773 (La.App. 1st Cir.), *writ granted and remanded,* 639 So.2d 1184 (1994). While respectful of this court's decision, this Court is, of course, not bound by this reasoning.

4. Defendant Lee has argued that as a government agency the FDIC does not have any due process rights. (citing, *United States v. City of Jackson,* 318 F.2d 1 (5th Cir.), *reh'g denied,* 320 F.2d 870 (5th Cir.1963)).

The FDIC is a unique government agency. When the FDIC acts as a receiver, as it does in this case, it succeeds to "all the rights, titles, powers, and privileges" of the institution it takes over. 12 U.S.C. § 1821(d)(2)(A)(i); *O'Melveny & Myers v. F.D.I.C.,* 512 U.S. 79, ——, 114 S.Ct. 2048, 2054, 129 L.Ed.2d 67 (1994). Accordingly, the FDIC in effect becomes the entity it takes over in order to protect the rights of creditors and others who have an interest in the orderly dissolution of the bank or savings and loan. In

this role the FDIC must have the same due process rights accorded the former entity to properly fulfill its mandate as receiver. Thus, despite the fact that NOFSLA was not a viable entity at the time of the tax sale, the FDIC has due process rights which can be violated. *See USX Corp. v. H.H. Champlin,* 992 F.2d 1380 (5th Cir.1993) (discussing a violation of the FDIC's due process rights).

5. Both *Davis Oil Co. v. Mills, supra.* and *Small Engine Shop, Inc. v. Cascio, supra.* dealt with La.Rev.Stat.Ann. 13:3886 (West 1991) which is directly analogous to the statute at question here.

6. *Mennonite* states, "[w]hen the mortgagee is identified in a mortgage that is publicly recorded, constructive notice by publication must be supplemented by notice mailed to the mortgagee's last known available address, or by personal service." *Mennonite,* 462 U.S. at 798, 103 S.Ct. at 2711.

was, and is, under no legal obligation to recognize it.

## CONCLUSIONS

For the foregoing reasons, the plaintiff's motion for summary judgment is GRANTED.