705 So.2d 1129 (1997)
J. Paris MURCHISON, Plaintiff-Appellant,
v.
John MARZULLO, Defendant-Appellee.
No. 97-815.
Court of Appeal of Louisiana, Third Circuit.
December 10, 1997.
Rehearing Denied March 4, 1998.
Charles Overton LaCroix, Alexandria, for J. Paris Murchison.
Michael Hawthorn Davis, Alexandria, for Ghassan Ajlani.
Henry Gregory Walker, Jr., for Kilpatrick Life Insurance Co.
Before DOUCET, C.J., and YELVERTON and SAUNDERS, JJ.
DOUCET, Chief Judge.
This is an appeal from a judgment annulling a tax sale due to lack of appropriate notice to a creditor.
The trial judge, in his written reasons for judgment, correctly outlined the underlying facts as follows:
On November 12, 1981, John F. Marzullo and Joyce Deville Marzullo (hereinafter "Defendants") entered into a mortgage *1130 with Kilpatrick Life Insurance Company (f/k/a Central State Life Insurance Company hereinafter "Kilpatrick") for $85,000.00 for Lot three (3), Block forty-five (45) of Kent Addition (hereinafter "property"). After the defendants failed to pay property taxes, J. Paris Murchison (hereinafter "Plaintiff") purchased the property for $215.91 at a tax sale on May 21, 1991. However, plaintiff did not collect rent or pay property taxes from 1991 to 1995.
In addition, the defendants defaulted on their mortgage October 1, 1993. Thereafter, Kilpatrick filed a petition for executory process on January 9, 1995 for $71,941.25. Subsequently, a Writ of Seizure was issued on January 23, 1995 and the property was scheduled for sheriff sale on March 8, 1995.
Ghassan Ajlani (hereinafter "Ajlani") purchased the property at the sheriff sale with a bid of $51,100.00. After Ajlani tendered his check to the Sheriff's Office, he learned of the 1991 tax sale to plaintiff.
In February 1995, Murchison filed this suit to homologate tax title naming Marzullo and Kilpatrick Life Insurance Company (Kilpatrick) as defendants. The petition was later amended to remove Kilpatrick as a defendant and to add Ajlani in its place. Ajlani filed a reconventional demand against Murchison and a third-party demand against Kilpatrick. Kilpatrick filed a cross-claim against the Murchisons.
After a trial on the merits, the trial judge rendered judgment dismissing Murchison's petition to homologate tax title and recognizing Ajlani as owner of the disputed property upon payment of certain sums paid by Murchison plus interest. Murchison appeals.

MENNONITE
The U.S. Supreme Court in Mennonite Board of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), affirmed the need, in cases of seizures and sales, for notice to all parties significantly affected by the sale. The court in Parkview Oak Subdivision Corp. v. Tridico, 95-0604, p. 5 (La.App. 1 Cir. 11/9/95), 667 So.2d 1101, 1103, writ denied, 96-0622 (La.5/10/96), 672 So.2d 921, concisely outlined the court's holding in Mennonite.
The court in Mennonite, 462 U.S. at 795, 103 S.Ct. at 2709, citing its previous decision in Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950), recognized that "prior to an action which will affect an interest in life, liberty, or property protected by the Due Process Clause of the Fourteenth Amendment, a State must provide `notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " The court explained that "[n]otice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of any party, whether unlettered or well-versed in commercial practice, if its name and address are reasonably ascertainable." Id., 462 U.S. at 800, 103 S.Ct. at 2712.
In applying these principles, the Court concluded that "since a mortgagee clearly has a legally protected property interest, he is entitled to notice reasonable calculated to apprise him of a pending tax sale." Accordingly, "[w]hen the mortgagee is identified in a mortgage that is publicly recorded, constructive notice by publication must be supplemented by notice mailed to the mortgagee's last known available address, or by personal service."
The appellant, Murchison, raises on appeal several questions with regard to the propriety of the application of Mennonite in this case.

DOES LOUISIANA'S STATUTORY REQUEST NOTICE SCHEME SATISFY DUE PROCESS REQUIREMENTS?
Murchison asserts that the trial judge erred in finding that Kilpatrick was denied due process by the failure to provide it with actual notice of the sale pursuant to Mennonite.
Murchison points out that Louisiana's statutory scheme provides for interested parties to request notice that property taxes are delinquent and that property has been seized upon payment of a fee thereby fulfilling the *1131 due process requirements of Mennonite. He asserts that this statute obviates the need to give actual notice to all interested parties and fulfills the requirements of due process outlined in Mennonite. The constitutional adequacy of Louisiana's notice provision has not been addressed by this circuit. However, this issue has been addressed by Louisiana's courts with varying outcomes[1]. However, the latest cases from both the Louisiana courts and the Federal Fifth Circuit Court of Appeal have held that:
Louisiana's request-notice statute did not remedy the constitutional insufficiency of its constructive notice provision for foreclosures. A creditor "who avails itself of state foreclosure procedures is constitutionally obligated to provide `notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action.'" Davis Oil, 873 F.2d at 788, quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). A party with an interest in property does not waive its due process rights by failing to request notice under the Louisiana statute. Id. at 788. Accordingly, a creditor retains the duty to provide notice to interested parties whose identity is reasonably ascertainable or, as is alleged in this case, actually known.
Sterling v. Block, 953 F.2d 198, 199-200 (C.A.5 1992) (footnote omitted). See also USX Corp. v. Champlin, 992 F.2d 1380 (C.A.5 1993); FDIC v. Lee, 933 F.Supp. 577 (E.D.La.1996); and Parkview Oak Subdivision Corp., 95-0604, 667 So.2d 1101.
Accordingly, we find that the trial judge correctly found that Kilpatrick did not waive its due process rights by failing to request notice under the Louisiana statute.

DOES ACTUAL KNOWLEDGE OF TAX DELINQUENCY AFFECT A MORTGAGEE'S ABILITY TO SEEK ANNULMENT OF A TAX SALE?
Murchison next argues that the tax sale may not be annulled because Kilpatrick had actual knowledge of the tax sale. This, he argues, is proven by the fact that Kilpatrick knew that Marzullo was delinquent in payment of taxes and that, as a result, it had to know that the property would be sold for taxes. However, the U.S. Supreme Court in Mennonite, 462 U.S. at 800, 103 S.Ct. at 2712, stated that: "a mortgagee's knowledge of delinquency in the payment of taxes is not equivalent to notice that a tax sale is pending." Therefore, regardless of what Kilpatrick should have deduced from Marzullo's failure to pay taxes, it was still necessary that it be sent notice of the tax sale.

DOES AJLANI HAVE THE RIGHT TO ASSERT THE FAILURE TO NOTIFY KILPATRICK?
Murchison further argues that Ajlani did not have the right to assert the failure to give notice to Kilpatrick. However, we find that the right to attack the tax sale was conveyed to Ajlani along with any and all other rights in the property. Wood v. Zor, Inc., 154 So.2d 632 (La.App. 4 Cir.1963); Roberts v. Edwards, 126 La. 194, 52 So. 272 (La.1910).
Further, since Kilpatrick was made a party to the suit, it had the right to pursue its right to have the sale annulled in order to defend itself against Ajlani's call in warranty. Accordingly, we find that failure of notice was raised by the appropriate parties.

WHAT IS THE EFFECT OF THE FAILURE TO NOTIFY JOYCE MARZULLO?
Finally, Murchison asserts that the trial judge erred in finding that the sale should be annulled because of failure to give appropriate notice to Joyce Marzullo. However, having already found that the sale was properly annulled for failure to adequately notify Kilpatrick of the sale, we need not consider the issue of notice to Mrs. Marzullo.

*1132 CONCLUSION

Accordingly, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the appellant.
AFFIRMED.
NOTES
[1] The courts in Barca v. Reed, 93-1081 (La.App. 1 Cir. 4/8/94), 635 So.2d 771, writ granted, 94-1166 (La.7/5/94), 639 So.2d 1184 and Hodges Ward Purrington Properties v. Lee, 601 So.2d 358 (La.App. 5 Cir. 1992) found that the Louisiana statutory scheme is sufficient to fulfill the due process requirements of Mennonite. However, in Barca, 93-1081, 635 So.2d 771, the Louisiana Supreme Court granted writs with instructions including allowing the plaintiff to amend his petition and to further delineate the constitutional issue raised in his petition.