808 So.2d 464 (2001)
BANK OF WEST BATON ROUGE
v.
Charles E. STEWART, et al.
No. 2000 CA 0114.
Court of Appeal of Louisiana, First Circuit.
February 16, 2001.
John D. Brady, Baton Rouge, Counsel for PlaintiffAppellantBank of West Baton Rouge.
Carol E. Stracener, Baton Rouge, Counsel for DefendantEugene Collins.
John F. Weeks, Metairie, Counsel for DefendantAppelleeThe Honorable Randall Andre', Sheriff and Ex-Officio Tax Collector.
Charles H. Braud, Assistant Attorney General, Baton Rouge, Counsel for DefendantState of Louisiana.
Before: PARRO, FITZSIMMONS, and GUIDRY, JJ.
FITZSIMMONS, J.
Bank of West Baton Rouge (the Bank) appeals a trial court judgment that found a tax sale of property by the Sheriff and ex-officio tax collector for the Parish of West Baton Rouge (Sheriff) to be validly executed. On appeal, we reverse the judgment, finding the tax sale violated constitutional due process requirements.
*465 The Bank was the holder of a mortgage given by Charles and Yvonne Stewart on the real estate at issue. The Bank's mortgage interest was duly recorded in the public records in West Baton Rouge Parish where the property was located. In 1993, the property was sold at a Sheriff's sale due to the Stewarts' failure to pay the assessed 1992 ad valorem taxes. Although the Stewarts received prior notice of the Sheriff's sale, there is no dispute that the Bank was not notified by the Sheriff's Office prior to the sale. After the passage of more than three years following the Sheriff's auction, the Bank received actual notice in 1996. It sought a redemption of the property in favor of the Stewarts; alternatively, it sought cancellation of the tax sale on the basis of a violation of the Bank's constitutional right to due process and/or the unconstitutionality of La. R.S. 47:2180.1. The trial court interpreted the statute and the sale to be constitutional.

DISCUSSION
In a United States Supreme Court case, Mennonite Board of Missions v. Adams, 462 U.S. 791, 798, 103 S.Ct. 2706, 2711, 77 L.Ed.2d 180 (1983), the Court declared that "[w]hen the mortgagee is identified in a mortgage that is publicly recorded, constructive notice by publication must be supplemented by notice mailed to the mortgagee's last known available address, or by personal service." At the time of the Mennonite decision, the Indiana Code did not contain a provision entitling the mortgagee to notice by certified mail upon a request accompanied by a fee, which is distinguishable from the circumstance at hand. Thus, the constitutionality and impact of such a provision on due process was not before the Court. The Supreme Court did, however, recognize the legally protected property interest of a mortgagee and the entitlement to notice reasonably calculated to apprise the mortgagee of a pending tax sale.
In the instant appeal, the pivotal issues before the court become whether the provisions of La. R.S. 47:2180.1 eliminated the duty of the Sheriff's Office to make a reasonable attempt at notification absent a request by the mortgagee and, concomitantly, whether La. R.S. 47:2180.1 contravenes the mortgagee's due process right to receive notice of a pending Sheriff's sale.
Louisiana Revised Statute 47:2180.1 provides in relevant part:
A. On the second day of January each year or as soon thereafter as possible, the tax collector shall address to each person holding a properly recorded mortgage on immovable property for which taxes are delinquent, if such mortgage holder has notified the tax collector of such recorded mortgage .... The mortgagee requiring notice of delinquency shall pay the sum of five dollars annually, per assessment, to the sheriff to defray the cost of providing the notice.
It is a cardinal principle of interpretation by the judiciary that legislation should be upheld except when specifically restricted by the Louisiana Constitution. Louisiana Department of Agriculture and Forestry v. Sumrall, 98-1587 (La.3/2/99), 728 So.2d 1254, 1259. Unless the fundamental rights or privileges and immunities of a person are involved, when the legislature has enacted statutes, a strong presumption exists that it has acted within its constitutional authority. Jordan v. Louisiana Gaming Control Board, 98-0802, 98-0803 (La.App. 1 Cir. 4/22/98), 712 So.2d 959, 967, writ granted, (affirmed in part; reversed in part on other grounds), 98-1122, 98-1133, 98-1134 (La.5/15/98), 712 So.2d 74.
*466 The Third Circuit Court of Appeal has held that a reasonably ascertainable mortgagee, as a party with an interest in property, does not waive its constitutional due process right to notice of seizure and sale of the property by failing to request notice under La. R.S. 47:2180.1. Smith v. Brooks, 97-1338 (La.App. 3 Cir. 4/15/98), 714 So.2d 735, writ not considered, 98-1869 (La.10/30/98), 723 So.2d 969. The court reconciled La. R.S. 47:2180.1 with the due process constitutional provisions by interpreting the statute as supplementary to Louisiana's constructive notice scheme that gives property owners, whose identities might not be reasonably ascertainable, the opportunity to request such notice and thereby become ascertainable. Smith, 714 So.2d at 738. We find that reasoning to be persuasive and controlling in the case before us. See also Parkview Oak Subdivision Corp. v. Tridico, 95-0604 (La.App. 1 Cir. 11/9/95), 667 So.2d 1101, writ denied, 96-0622 (La.5/10/96), 672 So.2d 921; Murchison v. Marzullo, 97-815 (La.App. 3 Cir. 12/10/97), 705 So.2d 1129, writ denied, 98-0941 (La.5/29/98), 720 So.2d 333; Davis Oil Company v. Mills, 873 F.2d 774, 788-789 (5th Cir. 1989), cert denied, 493 U.S. 937, 110 S.Ct. 331, 107 L.Ed.2d 321 (1989); and Small Engine Shop Inc. v. Cascio, 878 F.2d 883 (5th Cir.1989).[1]
Accordingly, La. R.S. 47:2180.1 can be interpreted in a manner that does not impart unconstitutionality. The failure of the Sheriff to give the Bank, in its capacity as mortgagee with a significant property interest, due notice of the tax sale was, however, in violation of its constitutional right to due process. Thus, the tax sale is rendered an absolute nullity.
The trial court judgment is hereby reversed. Judgment is rendered in favor of Bank of West Baton Rouge. This judgment shall not be effective until the Bank of West Baton Rouge has paid the purchase price, and all taxes and costs, plus ten percent per annum interest on the price and taxes paid from the date of the respective payments. La. Const. art. VII § 25(C). Eugene Collins, the purchaser of the property at the tax sale, has a pending claim against the sheriff for damages in the event the sale would be nullified; therefore, this matter is remanded for further proceedings. Costs associated with this appeal in the sum of $722.00 are assessed against the Sheriff and ex-officio tax collector for the Parish of West Baton Rouge.
*467 REVERSED, RENDERED AND REMANDED.
GUIDRY, J., concurs.
NOTES
[1] The position of the first circuit on this issue has been unclear. In a published opinion, Barca v. Reed, 93-1081 (La.App. 1 Cir. 4/8/94), 635 So.2d 771, this court affirmed a trial court judgment holding that, although the plaintiff mortgagee had not been notified of an impending tax sale, it did not have a cause of action to annul the sale because it had waived its due process rights by failing to protect its interests as provided in La. R.S. 47:2801.1 and La. R.S. 9:5201. The supreme court granted writs and remanded to the trial court with instructions to allow the plaintiff to amend its petition to state a cause of action and to allow it to further delineate its constitutional claims. Barca v. Reed, 94-1166 (La.7/5/94), 639 So.2d 1184.

In a later unpublished opinion of this court, the trial court's judgment after remand was reversed and remanded. Barca v. Reed, 96-0267 (La.App. 1 Cir. 12/20/96), 686 So.2d 177 (unpublished), writ denied, 97-0212 (La.3/14/97), 690 So.2d 38. Because the opinion was not published, its conclusion, which is consistent with the position taken in the matter currently before us, was not generally known; although it is controlling for this court. Therefore, to clarify the position of this circuit on this important issue and rectify any confusion arising out of the Barca case, our decision in the matter before us is being published.