PETERS, J.,
dissenting.
hi agree with the factual background set forth in the majority opinion as well as its conclusion that the constitutionality of La. R.S. 13:3886.1 is not before us. However, I do not agree with the majority that the Rapides Parish Police Jury’s (Police Jury) claim had prescribed pursuant to that statute.
In its reasons for judgment, the trial court concluded that the failure to provide notice to the Police Jury of the foreclosure proceedings violated the Police Jury’s due process rights as provided for in U.S. Const, amend. XIV and as recognized by Mennonite Board of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d *992 180 (1988). Because the Catahoula Duck Club did not appeal or answer the Police Jury’s appeal, the trial court’s judgment on this issue is a final judgment and we cannot address the merits of that judgment. Thus, the only issue before this court is the trial court’s ruling that the Police Jury’s action is governed by La. R.S. 13:3886.1, and therefore had prescribed. However, unlike the majority, I do not find that this issue is before us in the context of a constitutional attack on the statute itself.
In its prayer for relief, the Police Jury did not seek damages as allowed by La. R.S. 13:3886.1. Instead, it requested that the sheriffs sale be declared null and void to the extent that the sale purported to extinguish the right of way created by the 12July 8, 2003 Servitude Agreement. Nor did the Police Jury raise the constitutional issue in its pleadings. Instead, it suggested that La. R.S. 13:3886.1 was not applicable to the matter at hand. I agree that the statute is not applicable, as the sale is an absolute nullity as it applies to the Police Jury, and “no peremptive or prescriptive period can breathe life into something that never existed.” Pardon v. Moore, 39,949, pp. 10-11 (La.App. 2 Cir. 8/17/05), 908 So.2d 1253, 1259 (citing Gram Realty Co. v. Northern Homes, Inc., 308 So.2d 502 (La.App. 1 Cir.1975)).
Although in the context of a tax sale and not a foreclosure, this court, in Smith v. Brooks, 97-1338, p. 7 (La.App. 3 Cir. 4/15/98), 714 So.2d 735, 739, held that “the failure to give notice of the tax delinquency and sale to the record owner rendered the tax sale an absolute nullity.” That being the case, this court held, “the passage of the peremptive period [provided by La. Const, art. 7, § 25(C) ] had no effect on the record owner’s right to seek nullification of the tax sale, deferring to the supremacy of the Fourteenth Amendment to the United States Constitution as interpreted in Mennonite.” See also, Parkview Oak Subdivision Corp. v. Tridico, 95-604 (La.App. 1 Cir. 11/9/95), 667 So.2d 1101, writ denied, 96-622 (La.5/10/96), 672 So.2d 921, (wherein the first circuit specifically excluded coverage of La. R.S. 13:3886.1 in a similar tax sale situation).
The first circuit addressed the issue before us in the context of a third possessor not receiving notice of a foreclosure proceeding by a mortgage holder in Henderson v. Kingpin Development Co., 01-2115 (La.App. 1 Cir. 8/6/03), 859 So.2d 122. In that matter, the plaintiff purchased a tract of immovable property that had been mortgaged by his ancestor in title, with a balance due and owing on the mortgage at the time he acquired title. Thereafter, the mortgagee instituted foreclosure proceedings on the property, using the statutory scheme for foreclosure as set out in La.Code Civ.P. arts. |s2635-2638. The original mortgagor received notice, but the only other notice was the advertisement of the sheriffs sale, which appeared in the newspaper.
The court in Henderson recognized that “there is no statutory requirement that the present owner receive notice of the seizure” in the case of a foreclosure proceeding and that a third possessor can protect himself by complying with the request notice of La. R.S. 13:3886. Id. at 127. Notwithstanding that recognition, the court went on to say that a third possessor’s request for notice pursuant to La. R.S. 13:3886 “does not relieve the responsible state actor in a particular case from exercising the reasonable diligence appropriate in the circumstances to ascertain, reasonably, the identity of an individual or entity subject to the deprivation of his or its property.” Id. Furthermore, the court concluded:
[A] seizing creditor who avails itself of Louisiana’s foreclosure procedures is *993 constitutionally obligated to provide notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action. Davis Oil Company [v. Mills], 873 F.2d [774,] 778 [ (5th Cir.), cert. denied, 498 U.S. 937, 110 S.Ct. 331, 107 L.Ed.2d 321 (1989)], citing Mullane [v. Central Hanover Bank & Trust Co., 339 U.S. 306], 70 S.Ct. [652,] 657; see Bonner v. B-W Utilities, 452 F.Supp. 1295, 1300 (W.D.La.1978). The decision in Mennonite sets forth a federal constitutional requirement; thus, its holding regarding standards for notice cannot be altered by a state statute such as LSA-R.S. 13:3886.1, and federal law is controlling in this circumstance. See Parkview Oak Subdivision Corporation v. Tridico, 95-0604 (La.App. 1st Cir.11/9/95), 667 So.2d 1101, 1104, writ denied, 96-0622 (La.5/19/96), 672 So.2d 921.
Id. at 129.
In the matter before us, the correctness of the trial court’s determination that the Police Jury’s Fourteenth Amendment due process rights were violated is not before us. The effect of this determination leaves us with a null and void foreclosure sale as it applies to the Police Jury. That being the case, the prescriptive provisions |4of La. R.S. 13:3886.1 do not apply. Thus, the rights granted to the Police Jury by the Servitude Agreement remain in full force and effect.
I would reverse the judgment of the trial court dismissing the Police Jury action, and would remand for further proceedings.