**Jerry DAWKINS, Plaintiff-Appellant,**

v.

**NABISCO, INC., and Bakery and Confectionary Union Local No. 42, Defendants-Appellees.**

No. 76–3738
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

March 25, 1977.

Jerry Dawkins, pro se.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Charles K. Howard, Jr., Patrick M. Scanlon, Atlanta, Ga., for defendants-appellees.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

PER CURIAM:

Before us on this appeal is a district court judgment disposing of two Title VII actions adversely to the plaintiff. Appellant Jerry Dawkins, an employee of Nabisco, brought both actions against the company and his union, the first in 1972 (No. 16431) and the second in 1976 (No. C76–1165A). Both actions claim, among other things, that appellees have retaliated against Dawkins for his participation in earlier Title VII proceedings, thus violating 42 U.S.C. § 2000e–3(a).

### I.

■ Trial of the first action resulted in a judgment against Dawkins in 1973, and this court affirmed without published opinion. *See* 515 F.2d 1181, 5 Cir. In June 1976 Dawkins moved to reopen the judgment. The district court denied the motion, and Dawkins appeals. We find no basis for reopening the judgment and therefore affirm. *See* Fed.R.Civ.P. 60(b).

### II.

In the more recent action the district court dismissed Dawkins' complaint, relying solely on the res judicata effect of the earlier judgment. We conclude that the causes of action underlying the two complaints are not identical, and we therefore reverse and remand for further proceedings. *See generally* F. James, Civil Procedure § 11.10 (1965); *Stevenson v. International Paper Co.*, 516 F.2d 103 (5th Cir. 1975).

■ Reading the 1976 pro se complaint liberally, as we must, we find that it alleges discrimination more recent than the termination of the 1972 action. Therefore, although the 1972 action resolved a claim of retaliation for participation in the same Title VII proceedings, the earlier action did not and could not resolve the claim based on post-1973 retaliation.

■ Among the goals of the res judicata doctrine is inducing litigants to economize on lawsuits, but we could not possibly expect Dawkins to litigate a claim based on 1975 retaliation in a lawsuit that terminated in 1973. Were we to rule that the 1973 adjudication was somehow dispositive of the factual dispute regarding alleged subsequent retaliation, a company that had once won a suit alleging retaliation for participation in Title VII proceedings would be free to retaliate at will against the earlier plaintiff without fear of being held accountable for its actions. The law of res judicata establishes no such result. The judgment in the earlier suit does not bar Dawkins' 1976 action.[1]

Our result means that a Title VII plaintiff is free to bring successive actions, claiming in each that his employer has taken retaliatory actions against him more recent than the prior lawsuit. That prospect, however, does not impel us to depart from settled res judicata principles. There are other methods for dealing with frivolous lawsuits.

The order of the district court is AFFIRMED with respect to No. 16431 and REVERSED and REMANDED with respect to No. C76–1165A.

---

1. The earlier judgment does, of course, have collateral estoppel effect. Dawkins will not be free to relitigate factual issues actually resolved against him in the earlier litigation.