**Oliver J. STERLING, Plaintiff–Appellee,**

**Bank One, Texas, N.A., Intervenor–Appellee,**

**v.**

**Mary Cobb BLOCK, Individually and as Executrix of the Succession of Mireille LeBreton Cobb, et al., Defendants–Appellants.**

No. 90–3913.

United States Court of Appeals, Fifth Circuit.

Jan. 30, 1992.

Rehearing and Rehearing En Banc Denied March 19, 1992.

Jerry A. Brown, New Orleans, La., for defendants-appellants.

Malcolm A. Meyer, Metairie, La., amicus curiae for La. League Savings Institutions.

Mary E. Arceneaux, Gen. Counsel, La. Bankers Ass'n, Baton Rouge, La., amicus curiae for La. Bankers Ass'n.

Alan D. Ezkovich, Patricia E. Weeks, Frank J. Stich, Jr., Sessions & Fishman, New Orleans, La., for Sterling.

Robert O. Thomas, Jackson & Walker, Houston, Tx., for Bank One, Tex.

William P. Schuler, Chalmette, La., for Clerk of Court.

Before HIGGINBOTHAM and SMITH, Circuit Judges, and MENTZ,[*] District Judge.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

This interlocutory appeal asks whether *Davis Oil v. Mills*, 873 F.2d 774 (5th Cir. 1989), *cert. denied*, 493 U.S. 937, 110 S.Ct. 331, 107 L.Ed.2d 321 (1989), should be applied retroactively. Applying for the first time *James B. Beam Distilling Co. v. Georgia*, — U.S. —, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991), we conclude that because the holding in *Davis Oil* was applied retroactively to the parties in that case, it must be applied retroactively here.

## I.

The basic facts are undisputed. Appellee Oliver Sterling, a New York resident, owned an interest in a mineral lease on property in St. Bernard Parish, Louisiana. Appellant Mary Cobb Block sued Sterling in Louisiana state court. She obtained jurisdiction over Sterling by attaching his interest in the lease. Block obtained a judgment against Sterling and had the property seized and sold to satisfy it.

After Block obtained her judgment against Sterling but before the sheriff's sale, Sterling mortgaged the property to MBank, appellee Bank One's predecessor in interest. Bank One recorded the mortgage as required by Louisiana law. Bank One did not, however, file a request for notice of seizure under Louisiana statute La.R.S. 13:3886.[1] Louisiana law required that before property could be seized and sold at a

sheriff's sale, the creditor must give constructive notice by publication and give actual notice to those who have filed a request for notice of seizure.

Although Block knew of Bank One's interest in the property because it was recorded on the mortgage certificate, she was not required by Louisiana law to notify Bank One of the sale because it had not filed a request for notice of seizure. Block did not attempt to inform Bank One of the seizure or sale. Block bought the property at the judicial sale in January 1989 for $10,000, which was less than 5 percent of its appraised value.

In May 1989, this court decided *Davis Oil v. Mills*, 873 F.2d 774 (5th Cir.1989), which held that the Louisiana request-notice provision does not relieve a creditor of its constitutional duty to provide notice to an interested party where "the creditor has reasonable means at its disposal to identify" the party who will be adversely affected by the seizure of the property. In October 1989 Sterling brought this action in federal district court alleging that he was deprived of due process by the service of process in the state court action which created the judicial lien in Block's favor. No issues arising from that claim are before us on this appeal. Bank One moved for leave to intervene to press its claim that the sheriff's sale without notice to it violated its due process rights.

Block filed a motion to dismiss Bank One's intervention. The district court denied the motion, holding that *Davis Oil* applies retroactively to the sheriff's sale at issue here. The district court granted Block's motion to certify the question for an immediate appeal. This court granted the petition for permission to appeal.

## II.

In *Davis Oil Co. v. Mills*, 873 F.2d 774 (5th Cir.1989), we held that Louisiana's request-notice statute did not remedy the

---

[*] District Judge of the Eastern District of Louisiana, sitting by designation.

1. A request for notice of seizure contains "the legal description of the immovable property, or description of the fixture, the owner of the prop-

erty, and the name and address of the person desiring notice of seizure." La.R.S. 13:3886. The person requesting seizure must also pay ten dollars to the sheriff to defray the costs of providing notice. *Id.*

constitutional insufficiency of its constructive notice provision for foreclosures.[2] A creditor "who avails itself of state foreclosure procedures is constitutionally obligated to provide 'notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action.'" *Davis Oil*, 873 F.2d at 788, quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). A party with an interest in property does not waive its due process rights by failing to request notice under the Louisiana statute. *Id.* at 788. Accordingly, a creditor retains the duty to provide notice to interested parties whose identity is reasonably ascertainable or, as is alleged in this case, actually known.

■ The parties have assumed in their briefs and arguments that the appropriate analysis for determining whether *Davis Oil* should be applied retroactively is the test developed in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106–107, 92 S.Ct. 349, 355–56, 30 L.Ed.2d 296 (1971). However, the Supreme Court's decision last term in *James B. Beam Distilling Co. v. Georgia*, — U.S. ——, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991), significantly alters our analysis. As we interpret the Court's divided opinion, the test laid out in *Chevron Oil* is still applicable to the initial determination of whether a decision should be applied prospectively, although three Justices indicated they would abandon the *Chevron Oil* analysis altogether. It is error, however, to apply the *Chevron Oil* analysis to decide that a new rule should be applied prospectively if the rule was retroactively applied to the parties in the case in which it was originally announced. *Id.* 111 S.Ct. at 2446. Writing for the Court in *Beam*, Justice Souter concludes that "[o]nce retroactive application is chosen for any assertedly new rule, it is chosen for all others who

might seek its prospective application." *Id.* at 2448.

■ Therefore, before application of the *Chevron Oil* analysis would be appropriate, we must answer the threshold question whether we applied the rule enunciated in *Davis Oil* to the parties in that case. If so, *Beam* dictates that the rule be applied retroactively to this case as well. In order to conclude that the rule was applied to the original parties, the earlier opinion need not explicitly address the retroactivity issue. Where the court does not explicitly decide the retroactivity question or reserve the question of whether its holding applies to the parties before it, "it is properly understood to have followed the normal rule of retroactive application in civil cases." 111 S.Ct. at 2445.

In *Davis Oil*, we determined first that failure to request notice of a seizure under the Louisiana statute did not constitute a waiver of the party's due process rights to notice. We then concluded that on the facts of that case the mineral lessee's interest in the property was not "reasonably ascertainable" under *Mennonite*. On that basis we found no due process violation. Thus, although the holding that failure to request notice could not be treated as a waiver of one's right to notice did not lead to a finding of a due process violation in *Davis Oil*, it is clear that we applied that holding to the parties then before us. We did not discuss the retroactivity of the decision in *Davis Oil* or reserve that issue. Thus, we conclude that *Davis Oil* applied the new rule to the parties before it. *Beam* dictates therefore that we apply it to the parties before us in this case.

We recognize the concern of the Louisiana banking industry and the Blocks that the decision to apply *Davis Oil* retroactively was made in a case to which they were not a party and in which it appears

---

**2.** *Davis Oil* does not interfere with the state's ability to maintain traditional recording requirements. Interests which are unrecorded are not reasonably ascertainable to the creditor and therefore actual notice is not required. The problem with the Louisiana request-notice system was that it required a procedure in addition to the recording procedure which is necessary

to make the interested party reasonably ascertainable. *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), recognizes this distinction. *Id.* at 798, 103 S.Ct. at 2711 (more than constructive notice is required "when the mortgagee is identified in a mortgage that is publicly recorded.").

the issue was not strongly argued. *Beam* concludes that the principles of equality and *stare decisis* violated when a rule of law is applied to some cases and not others outweigh any unfairness caused by the failure to fully argue the appropriateness of nonretroactivity in the earlier case. 111 S.Ct. at 2446. Certainly, any perceived unfairness here is no different from that caused by the failure of an earlier party to persuasively argue one's position which creates an unfavorable precedent on any issue.

It is not an answer that these particular parties were not before the *Davis Oil* court. The Supreme Court has squarely rejected the idea that the application of a rule to a particular case should turn upon the particular equities of that case. *See Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987) (rejecting selective prospectivity in the criminal context); *Beam*, 111 S.Ct. at 2448. Therefore, whether the Blocks may have relied more upon prior precedent than the parties in *Davis Oil* or whether more substantial inequities will result in this case is irrelevant to our analysis.

Because we applied the rule of *Davis Oil* retroactively in that case, we must apply it retroactively here. Accordingly, we affirm the district court's conclusion that the holding in *Davis Oil* should be applied in this case.