United States Court of Appeals
Fifth Circuit

**F I L E D**

September 11, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-50268
Summary Calendar

MICHAEL W STEEN

Plaintiff - Appellant

V.

FRANCIS J HARVEY, Secretary of the Army, Department of the Army

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas, Waco
No.  6:04-CV-378

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Michael W. Steen appeals the district court's dismissal of his Title VII claim as barred by res judicata.  For the following reasons, we AFFIRM.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Michael W. Steen worked for the Department of the Army as a Wage Grade 11 Electronics Mechanic in the Electronic and Communications Section,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Maintenance Division of the Directorate of Logistics at Fort Hood, Texas. Steen was terminated on August 21, 2001. The reason given for his termination was that he had engaged in a pattern of disruptive behavior in the workplace. He appealed his termination to the Merit Systems Protection Board ("MSPB"), alleging that he was terminated on the bases of race, age, veteran status, and disability. The MSPB Administrative Judge ("AJ") upheld Steen's termination. The full MSPB denied Steen's petition for review, accepted the AJ's decision, and issued a final order to that effect. On November 3, 2003, Steen petitioned the Equal Employment Opportunity Commission ("EEOC") to review the MSPB's final order with respect to his discrimination claims. On December 4, 2003, the EEOC concurred with the MSPB's final decision finding no discrimination.

On January 8, 2004, Steen filed suit against the Secretary of the Army in federal district court ("Steen I") alleging that he was terminated because of his race, age, and disability in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e–2000e-17; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621; and the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791. As evidence of discrimination on the basis of race, Steen alleged that his "first line supervisor asked [him] about his interracial marriage and the KKK in the workplace." To support his disability claim, Steen asserted that he had "hemorrhoids, knee instability, and high blood pressure and other physical and mental disabilities." The district court granted summary judgment for the Secretary on August 3, 2004, and we affirmed.

Subsequently, Steen filed this suit against the Secretary on November 22, 2004 ("Steen II") alleging hostile work environment. He asserts that discrimination on the bases of race, age, disability, and retaliation for his past EEOC complaints in violation of Title VII and the Rehabilitation Act of 1973 resulted in a hostile work environment. In support of his claims, Steen alleges the very same facts that he alleged in Steen I. As evidence of his race

discrimination allegations, he complains, "On May 2, 2000, Steen's supervisor questioned Steen about being married to a white woman and about how Steen felt about the Ku Klux Klan." In support of his disability discrimination claim, Steen asserts "physical disabilities relating to his knees, feet, high blood pressure, blisters, and hemorrhoids, and mental disabilities relating to sleep depravation [sic] and nerves." The conditions and events complained of in this suit all predate the filing of Steen I.

On December 19, 2005, the district court granted the Secretary's motion to dismiss on the grounds that Steen's claims were barred by res judicata. Steen filed a timely notice of appeal.

## II. STANDARD OF REVIEW

The res judicata effect of a prior judgment is a question of law that we review de novo. Davis v. Dallas Area Rapid Transit, 383 F.3d 309, 313 (5th Cir. 2004).

## III. DISCUSSION

In Davis, we held that "a plaintiff who brings a Title VII action and files administrative claims with the EEOC must still comply with general rules governing federal litigation respecting other potentially viable claims," including res judicata. Id. at 316 (internal quotation marks omitted) (internal citation omitted). There, the plaintiffs' race discrimination and retaliation claims were barred by res judicata because they failed to raise the claims in a prior discrimination suit even though all the conduct complained of predated the filing of the first suit. Id. This was so notwithstanding the fact that the Davis plaintiffs had not yet received right-to-sue letters from the EEOC. Id. This court reasoned that they could have prevented their claims from being precluded by requesting a stay in the prior case until their letters arrived. Id.

Here, Steen concedes that he should have requested a stay in Steen I until he received his right-to-sue letter. However, he argues that because Davis was

decided on August 27, 2004, twenty-four days after the district court granted summary judgment for the Secretary in Steen I, the rule of law established in Davis is inapplicable to his case, and res judicata should not apply to him.

Even if we accept, arguendo, Steen's argument that Davis announced a new rule of law, the retroactive application of a new rule of law is governed by James B. Beam Distilling Co. v. Georgia, 501 U.S. 529 (1992). In Beam, the Supreme Court held, "Once retroactive application is chosen for any assertedly new rule, it is chosen for all others who might seek its prospective application." Id. at 543. In Sterling v. Block, we applied Beam to determine that a rule requiring a judgment creditor "to provide notice to interested parties whose identity is reasonably ascertainable or . . . actually known" prior to a foreclosure sale should apply retroactively to a sale that took place four months before the rule was announced because the rule was applied retroactively to the parties in the case that established it. 953 F.2d 198, 200 (5th Cir. 1992).

In Davis, we applied the rule to the plaintiffs' case because they could have prevented their claims from being precluded by requesting a stay in their first case until they received their letters. 383 F.3d at 316. Consequently, under Sterling, 953 F.2d at 200, the rule established by this court in Davis does apply to Steen, and Steen's claims are barred.

"The doctrine of res judicata, or claim preclusion, forecloses relitigation of claims that were or could have been raised in a prior action." Davis, 383 F.3d at 312-13 (citing Allen v. McCurry, 449 U.S. 90, 94 (1980)). For res judicata to operate as a bar to a claim, four elements must be met: (1) the parties in both the prior suit and current suit must be identical; (2) a court of competent jurisdiction must have rendered the prior judgment; (3) the prior judgment must have been final and on the merits; and (4) the plaintiff must raise the same cause of action in both suits. Id.

In this case, the first three elements are undisputed. Only the fourth element, whether this case and Steen I involve the same cause of action, is at issue in this appeal.

To determine whether consecutive cases involve the same cause of action, we apply the transactional test. Id. at 313 (citing Nilsen v. City of Moss Point, 701 F.2d 556, 560 (5th Cir. 1983)). Under the transactional test, the claim preclusive effect of a prior judgment encompasses all rights of the plaintiff "with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose." Id. (citing Petro-Hunt, L.L.C. v. United States, 365 F.3d 385, 395-96 (5th Cir. 2004)). Whether a factual unit "constitutes a 'transaction' . . . or a 'series of transactions', [is] to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." Id. (citing Petro-Hunt, L.L.C., 365 F.3d at 396). The critical issue is whether the consecutive actions "are based on the same nucleus of operative facts." Id. (citing Petro-Hunt, L.L.C., 365 F.3d at 396).

In Davis, we determined that the plaintiffs' consecutive claims constituted a series of connected transactions and were the same claim because they all originated from the "same continuing course of allegedly discriminatory conduct," even though the two cases included conduct that occurred over different time periods. 383 F.3d at 314.

Here, the nexus is even tighter because not only are the claims "based on the same nucleus of operative facts," they actually are based on identical facts occurring during the same time period, April to May 2000. Id. Even though Steen complains of wrongful termination in Steen I and a hostile work environment in this case, he cites the same incident in both suits to support his

race discrimination claims, a May 2, 2000, encounter when his supervisor allegedly asked about Steen's interracial marriage and thoughts on the Ku Klux Klan. Likewise, to support the allegation that he was discriminated against on the basis of his disability, he asserts the same facts, including hemorrhoids, instability in his lower extremities, high blood pressure, and mental disabilities.

Thus, like in Davis, because the claims in this case are part of the same transaction as the claims in Steen I, Steen's claims are barred by res judicata. Notwithstanding the fact that he had not received his right-to-sue letter, because all the conduct complained of occurred prior to the filing of Steen I, Steen should have requested a stay until he received his right-to-sue letter, or simply amended his complaint in Steen I and included the claims pursuant to 42 U.S.C. § 2000e-16(c). Munoz v. Aldridge, 894 F.2d 1489, 1492-93 (5th Cir. 1990) (holding that 42 U.S.C. § 2000e-16(c) allows a claimant to appeal to the district court if the agency had not taken final action on the claim within 180 days of the claim being filed with the agency as long as the claimant cooperated in good faith in the agency proceedings).

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's order.