### IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 2, 2014

No. 13-10501
Summary Calendar

Lyle W. Cayce
Clerk

REGINA K. MURRY,

Plaintiff-Appellant

v.

GENERAL SERVICES ADMINISTRATION; DANIEL M. TANGHERLINI,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CV-744

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

This Title VII action arises out of Defendant General Services Administration's ("GSA") alleged misconduct between 2000 and 2003; the period during which pro se Plaintiff Regina Murry ("Murry") was employed by the GSA. The district court dismissed Murry's claim as barred by the doctrine of res judicata. We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10501

## STATEMENT OF FACTS

Regina Murry was employed by the GSA from 2000 through 2003. During her time at the GSA, Murry filed a "myriad" of complaints with the Equal Employee Opportunity Commission ("EEOC"), which were consolidated by the Administrative Law Judge ("ALJ"). On April 26, 2007, Murry requested separating her "most significant" claims (*Murry I*) from her remaining claims (*Murry II*), averring that handling *Murry I* first "would eliminate confusions currently present in [her] claims." R. 141. She followed-up on that request on June 6, 2007, again requesting separation of her claims, as she was "experiencing difficulty in managing her claims, 'especially multi-tasking functions.'" The EEOC granted her request, dismissing *Murry II* without prejudice on August 22, 2007.

On August 29, 2008, the ALJ issued its decision in *Murry I*, determining that the GSA had neither discriminated against Murry on the basis of race or disability nor retaliated against her for participating in prior EEOC actions. Murry appealed the ALJ's decision to the Office of Federal Operations ("OFO"), which affirmed the ALJ's ruling and issued the right-to-sue notice for *Murry I* on March 9, 2010. R. 137.

*Murry I* was filed in the Northern District of Texas on June 7, 2010, alleging (1) Disability Discrimination – Failure to Accommodate, (2) Unlawful Retaliation through changing her work schedule, and (3) Unlawful Harassment: Hostile Work Environment. In her first amended complaint, filed on October 13, 2011, Murry averred that the discriminatory activity began in March 2000 and continued through her termination on July 28, 2003. The district court granted summary judgment in favor of the GSA on February 24, 2012.

No. 13-10501

On July 2, 2009—prior to issuance of her right to sue notice in *Murry I*—Murry requested that the ALJ adjudicate her separated (*Murry II*) claims without a hearing.  The GSA denied the *Murry II* claims on September 10, 2009, and informed Murry that she could either (1) appeal to the district court within 90 days or (2) appeal to the EEOC within 30 days.  If she appealed to the EEOC, she retained the right to appeal to the district court within either (1) 90 days of the EEOC's decision on appeal or (2) 180 days after the filing of the EEOC appeal if the EEOC had not made a decision at that point.  So while the EEOC did not issue its final decision until July 20, 2012, Murry regained her right to sue in *Murry II* on April 8, 2010—two months before she filed *Murry I*.

Rather than bring *Murry II* as part of *Murry I*—or as part of her October 13, 2011 amended complaint in *Murry I*—Murry waited to receive her right-to-sue notice and brought *Murry II* in the Northern District of Texas on October 19, 2012; nearly eight months after the district court dismissed *Murry I*.  *Murry II* alleges Disability Discrimination for failure to accommodate her disabilities, and implies retaliation for filing her previous EEOC complaints.  As in *Murry I*, the allegedly unlawful conduct occurred prior to her termination in 2003.  The GSA moved to dismiss *Murry II* as barred by res judicata.  The district court granted the GSA's motion, and Murry appeals.

**STANDARD OF REVIEW**

"In our review of the district court's *res judicata* ruling, we must determine (1) whether the barred claims were part of the same cause of action as the claims in" *Murry I*, and "(2) whether the barred claims could have been advanced in" *Murry I*.  *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004).  "The *res judicata* effect of a prior judgment is a question of law

3

that we review *de novo.*"  *Id.*  Dismissal under Rule 12(b)(6) on *res judicata* grounds is appropriate when the elements of res judicata are apparent on the face of the pleadings.  *See Kan. Reinsurance Co. v. Congressional Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994).

Although Murry challenges whether the elements of *res judicata* have been satisfied, her primary argument appears to be that no one told her that her *Murry II* claims should have been brought alongside *Murry I*.  *See* Pl.'s Br. 4.  While we construe pro se complaints liberally—and are not unsympathetic to the difficulty pro se plaintiffs encounter in navigating the Federal Rules of Civil Procedure—pro se plaintiffs are not exempt from the rules of *res judicata*.  *See Birl v. Estelle*, 660 F.2d 592, 593 ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.  One who proceeds pro se with full knowledge and understanding of the risks involved acquires no greater rights than a litigant represented by a lawyer, unless a liberal construction of properly filed pleadings be considered an enhanced right.") (internal citations omitted).

## DISCUSSION

The district court concluded that *Murry II* was barred by the doctrine of res judicata, which bars the litigation of claims that were previously litigated or could have been raised in an earlier suit.  *Nilsen v. City of Moss Point*, 701 F.2d 556, 560 (5th Cir. 1983) ("it is black-letter law that *res judicata*, by contrast to narrower doctrines of issue preclusion, bars all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication . . . not merely those that were adjudicated.").  The four elements of res judicata are whether: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent

jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).

Murry's argument on the first requirement—identical parties—is without merit. Although she alleges that different managers were responsible for the discriminatory behavior, the only *parties* to *Murry I* and *Murry II* were the GSA and Daniel Tagherlini (acting Administrator of the GSA), not the individual managers in their individual capacity. Because she alleges that the GSA discriminated against her, and because the GSA was the defendant in *Murry I*, the first requirement of *res judicata* is satisfied. Murry does not contest the second and third requirements.

Murry also challenges the fourth requirement, arguing that *Murry I* and *Murry II* do not arise out of the same claim or cause of action. This court applies the "transactional test" to determine if later-brought claims are precluded by an earlier-brought lawsuit. *See Davis*, 383 F.3d at 313. "The critical issue under the transactional test is whether the two actions are based on the 'same nucleus of operative facts.'" *Id.* "What grouping of facts constitutes a 'transaction' or a 'series of transactions' must 'be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.* (quoting Restatement (Second) of Judgments § 24(2) (1982)).

Murry's claims of discrimination arise from the "same continuing course of allegedly discriminatory conduct" by the GSA, beginning in 2000 and culminating in her termination in 2003. *See id.* at 314. The allegedly unlawful conduct was motivated by the same alleged racial and disability animus in both

cases, and the alleged retaliation was in response to the same EEOC filings. Murry argues that *Murry II* cannot be considered part of *Murry I* because the specific alleged conduct in *Murry I* took place before the conduct alleged in *Murry II*. While this court has held that "subsequent wrongs by a defendant constitute new causes of action," the principle of "subsequent wrongs" only applies if those wrongs occurred (1) "after the plaintiffs had filed their prior lawsuit" or (2) "after the district court had entered judgment in the prior lawsuit." *Id.* All the alleged wrongs suffered by Murry occurred between 2000 and 2003; *Murry I* was not filed until 2008. Because all of the allegedly unlawful acts occurred before the filing of *Murry I*, the principle that "subsequent wrongs constitute separate causes of action" does not aid Murry's argument.

Finally, Murry could have brought *Murry II* alongside *Murry I*. As this court stated in *Davis*, "a plaintiff who brings a Title VII action and files administrative claims with the EEOC must still comply with the general rules governing federal litigation respecting other potentially viable claims." *Id.* at 316 (internal quotation marks omitted). "Because the barred claims arose from the same nucleus of operative fact as the claims in [*Murry I*] and they predate that action," Murry was on notice to include those claims in *Murry I*. The lack of a right-to-sue letter for *Murry II* does not affect the rules of res judicata.[1] *Id.*

---

[1] *See also, e.g.*, *Woods v. Dunlop Tire Corp.*, 972 F.2d 36 (2d Cir. 1992); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714-15 (9th Cir. 2001) (Title VII claims were not exempt from claim preclusion where plaintiffs failed to seek a stay of proceedings or to amend their complaint); *Herrmann v. Cencom Cable Assocs., Inc.*, 999 F.2d 223, 225 (7th Cir. 1993) ("Parties to Title VII actions enjoy no immunity from res judicata."); *cf. Boateng v. InterAmerican Univ., Inc.*, 210 F.3d 56, 63 (1st Cir. 2000) (Title VII claim subject to res judicata where plaintiff received right-to-sue letter during pendency of prior action; *Jang v. United Techs. Corp.*, 206 F.3d 1147, 1149 (11th Cir. 2000) (ADA claim was not exempt from res judicata where plaintiff failed to obtain right-to-sue letter during pendency of previous litigation); *Churchill v. Star Enters.*, 183 F.3d 184, 193-94 (3d Cir. 1999) (same); *Rivers v.*

No. 13-10501

To avoid losing her right to bring her *Murry II* claims in federal court, Murry could have: (1) asked for a stay in *Murry I* to await the conclusion of *Murry II*; (2) brought *Murry II* in the district court, rather than pursue an EEOC appeal; or (3) brought *Murry II* in the district court once the 180-day period following filing of the EEOC appeal expired.  Indeed, these claims were originally consolidated into a single case by the ALJ, who only separated them to accommodate Murry's request.  While that may be an appropriate process in the EEOC, *res judicata* exists precisely to avoid this kind of serial, successive litigation of claims arising out of the same series of transactions.  *Nilsen*, 701 F.2d at 563 ("The doctrine of *res judicata* contemplates, at a minimum, that courts be not required to adjudicate, nor defendants to address, successive actions arising out of the same transaction, asserting breach of the same duty.").  As in *Davis*, *Murry II* is "barred by *res judicata* even though she had not received a right-to-sue letter at the time she filed her lawsuit."  *Davis*, 383 F.3d at 315.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

*Barberton Bd. of Educ.*, 143 F.3d 1029, 1032-33 (6th Cir. 1998) (plaintiff's claims were barred by res judicata where she could have obtained a right-to-sue letter and perfected her claim during the two-year pendency of prior action).

7