Tammy **ANDERSON**, Plaintiff,

v.

**HOUSTON COMMUNITY COLLEGE SYSTEM and Johnella R. Bradford**, Defendants.

Civil Action No. H–13–3600.

United States District Court, S.D. Texas, Houston Division.

Signed March 4, 2015.

Charles A. Caldwell, II, Law Offices of Charles A. Caldwell, Damian E. Lacroix, The Lacroix Law Firm, P.C., Houston, TX, for Plaintiff.

Paul A. Lamp, Rogers, Morris & Grover, L.L.P., Teresa S. Valderrama, Virginia Mixon Swindell, Jackson Lewis LLP, Houston, TX, for Defendants.

## ORDER

DAVID HITTNER, District Judge.

Pending before the Court are Defendant Houston Community College System's Motion for Summary Judgment on the Grounds of *Res Judicata* and Defendant Johnella R. Bradford's Motion for Sum-

mary Judgment, Joining Defendant Houston Community College's Motion for Summary Judgment on the Grounds of *Res Judicata.* Having considered the motions, submissions, and applicable law, the Court determines the motions should be granted.

## I. BACKGROUND

This is an employment discrimination case. On April 5, 2010, Defendant Houston Community College System ("HCC") hired Plaintiff Tammy Anderson ("Anderson") as an office manager for the Work Force and Development department. Defendant Johnella R. Bradford ("Bradford") was Anderson's supervisor in that department. On November 6, 2011, Anderson filed her first Charge of Discrimination against HCC, alleging discrimination and retaliation. Anderson received notice of the right to sue, as required before bringing suit, on April 16, 2012. On July 16, 2012, Anderson filed suit against HCC and Bradford in Texas state court, alleging discrimination based on race and sex and retaliation in violation of the Texas Commission on Human Rights Act ("TCHR Act") ("*Anderson I* ").

On October 3, 2012, Anderson filed her second Charge of Discrimination, alleging additional retaliation by HCC and Bradford. On August 22, 2013, and August 23, 2013, HCC and Bradford filed motions for summary judgment in *Anderson I.* On September 9, 2013, Anderson received notice of her right to sue based on her second Charge of Discrimination. On October 4, 2013, the *Anderson I* state court conducted an oral hearing on HCC and Bradford's motions. The same day, the state court granted both motions, dismissed Anderson's claims with prejudice, and awarded Bradford attorney's fees and court costs. The state court was affirmed on appeal on January 13, 2015.

On December 9, 2013, Anderson filed the present case in this Court, alleging discrimination based on race and sex and retaliation in violation of the TCHR Act, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981, and 42 U.S.C. § 1983 ("*Anderson II* "). HCC and Bradford now move for summary judgment on the basis of res judicata.

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(a). The court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.,* 113 F.3d 528, 533 (5th Cir.1997). Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine dispute of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed.R.Civ.P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.,* 5 F.3d 955, 956 (5th Cir.1993) (citation omitted).

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material dispute of fact and defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Moreover, conclusory allegations unsupported by specific facts will not pre-

vent an award of summary judgment; the plaintiff cannot rest on his allegations to get to a jury without any significant probative evidence tending to support the complaint. *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio,* 40 F.3d 698, 713 (5th Cir.1994). If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.,* 477 U.S. at 248, 106 S.Ct. 2505. The nonmovant's burden cannot be satisfied by "conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.,* 476 F.3d 337, 343 (5th Cir.2007) (quoting *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994)). Furthermore, it is not the function of the court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman,* 954 F.2d 1125, 1137 n. 30 (5th Cir.1992). Therefore, "[a]lthough we consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, the nonmoving party may not rest on the mere allegations or denials of its pleadings, but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi,* 202 F.3d 730, 735 (5th Cir.2000).

## III. LAW & ANALYSIS

The doctrine of res judicata bars the relitigation of claims that were or could have been raised in a prior action. *Davis v. Dall. Area Rapid Transit,* 383 F.3d 309, 313–14 (5th Cir.2004). Res judicata bars a claim if the following four elements are met: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits;

and (4) the same claim or cause of action was involved in both actions." *Test Masters Educ. Servs., Inc. v. Singh,* 428 F.3d 559, 571 (5th Cir.2005). In this case, the first three elements are met for all of the claims alleged in *Anderson I* and *Anderson II.* Anderson sued both HCC and Bradford in *Anderson I* and *Anderson II.* The Texas state court, a court of competent jurisdiction, dismissed all claims in *Anderson I* with prejudice on October 4, 2013, concluding the case by a final judgment on the merits.

The fourth element of res judicata is determined by the "transactional test." *Davis,* 383 F.3d at 313. Under the transactional test, "a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." *Id.* (internal quotation marks omitted). The facts included in a transaction or series of transactions is determined "pragmatically." *Id.* The courts consider "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.* (internal quotation marks omitted). Importantly, the transaction or series of transactions must "arise from the same nucleus of operative facts." *Id.*

To support her discrimination and retaliation claims, Anderson alleges nearly identical facts in the petition she filed in *Anderson I* and the complaint she filed in *Anderson II,* describing the same incidents that occurred between June 2010 and July 16, 2012—the date *Anderson I* was filed.[1] The only additional fact alleged

---

1. *Defendant Houston Community College System's Motion for Summary Judgment on the*

in *Anderson II* concerns Anderson's transfer to another department in January 2013, which Anderson contends was additional retaliation.[2] Although the 2010–2012 incidents described in both *Anderson I* and *Anderson II* span two years, those facts are part of the same series of transactions that arise from the same nucleus of operative facts. Thus, Anderson's discrimination claims and retaliation claims based on the 2010–2012 facts alleged in both *Anderson I* and *Anderson II* meet the fourth element of res judicata and are thus precluded.

However, as stated above, in *Anderson II*, Anderson alleges additional retaliation by Bradford and HCC that occurred after *Anderson I* was filed.[3] Specifically, Anderson claims HCC and Bradford transferred her to another department on January 1, 2013, where she was assigned an entry level position performing menial tasks.[4] Anderson contends this claim, based on conduct that occurred after *Anderson I* was filed, should not be precluded because Anderson did not receive notice of the right to sue until September 9, 2013—after *Anderson I* was filed and after HCC and Bradford moved for summary judgment in *Anderson I*. In addition, Anderson contends this claim is not based on the same nucleus of operative facts as the claims in *Anderson I*. HCC and Bradford contend the facts underlying the new claim in *Anderson II* are part of the same series of transactions that arise out of the same nucleus of operative facts as the facts in *Anderson I*. Thus, HCC and Bradford contend this claim should have been brought in *Anderson I* because Anderson could have amended her petition until October 11, 2013, the deadline to amend, and the state court did not rule on the HCC and Bradford motions until October 4, 2013—one month after Anderson had the right to sue.

A plaintiff who must exhaust her administrative remedies and wait for notice of the right to sue before bringing a Title VII claim "must still comply with general rules governing federal litigation respecting other potentially viable claims." *Davis*, 383 F.3d at 316 (internal quotation marks omitted). Therefore, availability of a right-to-sue letter alone does not affect the applicability of res judicata. *Murry v. Gen. Servs. Admin.*, 553 Fed.Appx. 362, 365 (5th Cir.2014). To avoid the preclusion of claims that meet the elements of res judicata but cannot be brought without a right-to-sue letter, plaintiffs should request a stay in the earlier case until the letter is issued. *Davis*, 383 F.3d at 316.[5] Therefore, the fact that Anderson had to wait for notice of the right to sue until September 9, 2013, does not, by itself, render res judicata inapplicable to this case if the new claim in *Anderson II* should have been included in *Anderson I*.

Res judicata does not "bar a suit based on acts of the defendant that

---

*Grounds of* Res Judicata, Exhibit A–1, ¶¶ 6–20 (*Plaintiff's Original Petition*); *Plaintiff Tammy Anderson's First Amended Complaint*, ¶¶ 5–19.

2. *Plaintiff Tammy Anderson's First Amended Complaint*, ¶ 21.

3. *Plaintiff Tammy Anderson's First Amended Complaint*, ¶ 21.

4. *Plaintiff Tammy Anderson's First Amended Complaint*, ¶ 21.

5. *See also Murry v. Gen. Servs. Admin.*, 553 Fed.Appx. 362, 363 (5th Cir.2014) (finding plaintiffs waiting for a right-to-sue letter should have moved for a stay to avoid the preclusion of their claims by res judicata); *Steen v. Harvey*, 247 Fed.Appx. 511, 514 (5th Cir.2007) (same); *Christopher v. Hous. Cmty. Coll. Sys.*, No. H–11–4372, 2012 WL 1494462, at *2 (S.D.Tex. Apr. 27, 2012) (Werlein, J.) (same).

have occurred subsequent to the final judgment asserted as a bar. A subsequent wrong constitutes a new cause of action." *Blair v. City of Greenville,* 649 F.2d 365, 368 (5th Cir.1981). In the context of discrimination cases, "a Title VII plaintiff is free to bring successive actions, claiming in each that his employer has taken retaliatory actions against him more recent than the prior lawsuit." *Dawkins v. Nabisco, Inc.,* 549 F.2d 396, 397 (5th Cir.1977) (finding res judicata did not apply to a retaliation claim based on conduct that occurred three years after the "termination" of an earlier retaliation lawsuit between the same parties). In *Davis,* the Fifth Circuit cited *Blair* and *Dawkins* when the court explained "the 'subsequent wrongs' we previously considered occurred either after the plaintiffs had filed their prior lawsuit or after the district court had entered judgment in the prior lawsuit." *Davis,* 383 F.3d at 314. However, the Fifth Circuit has not addressed whether the principles of "subsequent wrongs" applies when retaliatory conduct occurs after a case has been filed but before a plaintiff's deadline to amend her original case. In *Suter v. Univ. of Tex. at San Antonio* ("*Suter II* "), the court found claims based on conduct that occurred after the first lawsuit ("*Suter I* ") was filed but before the deadline to amend passed were not precluded by res judicata. No. SA–12–CV–969–OLG, 2013 WL 6919760, at *3 n. 5 (W.D.Tex. Dec. 20, 2013) (Garcia, J.) (citing *Davis,* 383 F.3d at 314; *Blair,* 649 F.2d at 368). In explaining its decision in the second lawsuit, the *Suter II* court pointed to the *Suter I* court's decision to *deny the plaintiff leave to amend. Id.* Because of that decision, claims based on conduct that occurred after filing but before the deadline to amend

*could not* have been brought in *Suter I* as required by the doctrine of res judicata. *Id.*

Unlike the cases discussed in *Blair* and *Dawkins,* there was no final judgment in *Anderson I* when the later retaliation occurred in January 2013. There is also no evidence the state court prohibited Anderson from amending her petition or that Anderson attempted to amend her petition after she was transferred or received the right to sue. The evidence does establish that the deadline to amend was October 11, 2013, and Anderson had until at least October 4, 2013, the date of the summary judgment motions hearing, to amend her petition.[6] Therefore, unlike the claims at issue in *Suter II,* the retaliation claim based on the January 2013 transfer *could* have been brought as a part of *Anderson I* after Anderson received the right to sue. Anderson could have also requested a stay in *Anderson I* while she waited for her right-to-sue letter, allowing her more time to amend her petition based on the transfer.

In addition, based on the transactional test, HCC and Bradford's alleged retaliation was part of the same series of transactions as the earlier conduct alleged in *Anderson I* because they arise from the same nucleus of operative facts. The retaliation alleged in *Anderson I* that occurred between 2010 and 2012 and the transfer that occurred in 2013 were close in time. HCC in general and Bradford in particular were the origins of the alleged retaliation against Anderson. The alleged motivation behind the earlier retaliation and the 2013 transfer was the same—to punish Anderson for speaking up against the discrimination she experienced in the

---

**6.** *Defendant Houston Community College System's Motion for Summary Judgment on the Grounds of* Res Judicata, Exhibit A–9 at 1 (*State Court Docket Control Order* ); *Defendant* *Houston Community College System's Motion for Summary Judgment on the Grounds of* Res Judicata, Exhibit A–10 at 1 (*State Court Docket Sheet* ).

workplace and the other wrongs she observed at HCC. The January 2013 transfer, which was the latest event in the string of facts that make up Anderson's retaliation claim, would form a convenient trial unit with the earlier alleged retaliation. Anderson's last claim meets the fourth element of res judicata, and thus res judicata precludes all of Anderson's claims. Accordingly, Anderson's claims are dismissed.

### IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant Houston Community College System's Motion for Summary Judgment on the Grounds of *Res Judicata* and Defendant Johnella R. Bradford's Motion for Summary Judgment, Joining Defendant Houston Community College's Motion for Summary Judgment on the Grounds of *Res Judicata* are **GRANTED.**

The Court will issue a separate Final Judgment.