# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 7, 2021

Lyle W. Cayce
Clerk

No. 20-60791
Summary Calendar

Allen R. Blair,

*Plaintiff—Appellant*,

*versus*

Yum! Brands, Incorporated; Taco Bell of America,
L.L.C.,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 19-CV-0322

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:*

Plaintiff-appellant Allen R. Blair, appearing *pro se*, appeals the district court's dismissal of his claims against defendants-appellees Yum! Brands and Taco Bell of America. The district court concluded that Blair's claims were

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

barred by res judicata and consequently dismissed the same with prejudice. Because all elements of res judicata are met, we AFFIRM.

## I.

This dispute arises from incidents connected to Blair's at-will employment at a Mississippi Taco Bell. During his time there, Blair was instructed to solicit the completion of a satisfaction survey from customers. Blair took issue with this instruction and first sued defendants in 2015. *See Blair v. Yum Brands*, 697 F. App'x 352, 353 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 2654 (2018), *reh'g denied*, 139 S. Ct. 316 (2018).

Through his first suit, Blair alleged a number of constitutional and statutory violations premised on the fact that he was asked to solicit the survey's completion without additional compensation. The district court dismissed these original claims with prejudice in 2016; the Fifth Circuit affirmed the dismissal; the Supreme Court denied certiorari. *Id.*

In the case at bar, Blair again sued the same defendants, in the same district court, alleging the same set of underlying facts.  The district court below dismissed all claims with prejudice, finding the present lawsuit was barred by the doctrine of res judicata. This appeal followed.

## II.

We review the district court's dismissal on res judicata grounds de novo. *Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004) (citing *Procter & Gamble Co. v. Amway Corp.*, 242 F.3d 539, 546 (5th Cir. 2001)). Res judicata prohibits the re-litigation of claims that were, or could have been, raised in the prior action. *Id.* at 312-13. The test for res judicata has four elements: (1) both suits involved identical parties; (2) there is an existing final judgment on the merits that was (3) rendered by a court of competent jurisdiction; and (4) the suits involved the same claim or cause of

action. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). To determine whether both suits involve the same cause of action, we employ a transactional test. *Id.* Under the transactional test, "the critical issue is whether the two actions are based on the same nucleus of operative facts." *Id.* (cleaned up).

## III.

As a threshold matter, Blair does not contest the district court's res judicata findings on appeal. He also does not meaningfully reply to defendants' arguments as to why we should affirm the district court. Rather, he attempts to relitigate his claims on the merits. Under our waiver jurisprudence, by failing to challenge res judicata on appeal, Blair has abandoned such argument. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) ("Although we liberally construe the briefs of *pro se* appellants, we also require that arguments must be briefed to be preserved."); *see Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) ("We will not raise and discuss legal issues that [the appellant] has failed to assert."). Nevertheless, before us is a purely legal question, *see Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 338 n.5 (5th Cir. 2004), and the conclusions reached below are plainly supported by the record.

The district court correctly held that the first three elements of res judicata are met. Indisputably, the parties in both suits are identical, and a final judgment on the merits was rendered in the first lawsuit by a court of competent jurisdiction. *See generally Blair v. Brands*, No. 1:15CV400-HSO-RHW, 2017 WL 1549918, at *6 (S.D. Miss. Apr. 28, 2017), *aff'd sub nom. Blair v. Yum Brands*, 697 F. App'x 352 (5th Cir. 2017); *see also Stevens v. Bank of Am., N.A.*, 587 F. App'x 130, 133 (5th Cir. 2014) (collecting published authority standing for the proposition that "[g]enerally, a federal court's dismissal with prejudice is a final judgment on the merits for res judicata purposes").

No. 20-60791

The district court also correctly concluded that the fourth element of res judicata was met because both lawsuits were premised on identical factual bases; the timeline and substance of the factual allegations in both suits are the same—namely, that while Blair was employed at Taco Bell, his rights were violated when he was asked to persuade customers to complete a survey. *See Steen v. Harvey*, 247 F. App'x 511, 515 (5th Cir. 2007) (citing *Davis*, 383 F.3d at 313). Certainly, Blair alleges new legal theories in the instant case, but because both cases arise out of the same nucleus of operative facts, res judicata nevertheless bars suit.[1] *See, e.g.*, *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 522 (5th Cir. 2016) ("True res judicata bars recovery when a party seeks to relitigate the same facts even when the party argues a novel legal theory."); *Maxwell v. U.S. Bank Nat'l Ass'n*, 544 F. App'x 470, 472 (5th Cir. 2013) (noting that "[r]es judicata extends beyond claims that were actually raised and bars all claims that could have been advanced").

## IV.

Thus, the claims in this case are barred by res judicata, and we therefore AFFIRM the district court's judgment of dismissal.

---

[1] We agree with the district court that, to the extent Blair's claims are premised on Mississippi state law, these claims are also barred by the doctrine of res judicata. *See Clark v. Neese*, 262 So. 3d 1117, 1122-23 (Miss. 2019) (outlining the four elements of res judicata under Mississippi state law). As the district court aptly recognized, under the state-law standard, whether Blair's claims are barred likewise turns on an analysis of the underlying facts and circumstances. *See Clark*, 262 So. 3d at 1123. The result is the same.