# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-50383

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

April 3, 2025

Lyle W. Cayce
Clerk

Hans Goerz,

*Plaintiff—Appellant*,

*versus*

Frank Kendall, III, *Secretary, U.S. Department Of The Air Force*,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:23-CV-51

———————————————————————

Before King, Jones, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Hans Goerz challenges the dismissal of his Title VII claims under the doctrine of *res judicata*.[1]  Because we find that these claims arise from the same cause of action as those in the prior proceeding, we AFFIRM.

———————————————

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

[1] Goerz also challenges the district court's dismissal of his motion to amend filed in *Goerz v. Kendall*, No. DR-20-CV-49-AM, 2023 WL 6394396 (W.D. Tex. Oct. 2, 2023);

No. 24-50383

## I. Background

In April 2019, the United States Air Force ("USAF") terminated Hans Goerz's employment as a simulator instructor at Laughlin Air Force Base. In August 2020, Goerz filed suit against the Secretary of the USAF, challenging his termination under the Rehabilitation Act of 1973 and Title VII of the Civil Rights Act. The district court granted summary judgment for the Secretary, finding that Goerz failed to show that the Secretary's reasons for removal were pretext. *Goerz v. Kendall*, No. DR-20-CV-49-AM, 2023 WL 6394396 (W.D. Tex. Oct. 2, 2023) ("*Goerz I*"). A panel of this court recently affirmed that decision. *Goerz v. Kendall*, No. 24-50151, 2024 WL 4930385 (5th Cir. Dec. 2, 2024).

Three years after filing *Goerz I*, Goerz filed a second Title VII claim against the Secretary in October 2023. ("*Goerz II*"). In *Goerz II*, Goerz alleges that the USAF improperly paid him and denied him accrued leave between 2010 and 2019 during his employ at Laughlin Air Force Base. Goerz initially raised these claims before the Equal Employment Opportunity Commission, which dismissed them in February 2023. The Secretary then moved to dismiss *Goerz II* under FRCP 12(b)(6), asserting that the claims were precluded by *res judicata* due to the prior judgment in *Goerz I*. The district court granted the motion to dismiss, and Goerz timely appealed. As Goerz is proceeding *pro se*, we "construe [his] pleadings . . . liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

---

*aff'd*, No. 24-50151, 2024 WL 4930385 (5th Cir. Dec. 2, 2024). Because that dismissal arose in a separate case, we will not address it here.

No. 24-50383

## II. Standard of Review

"The *res judicata* effect of a prior judgment is a question of law" and reviewed *de novo*. *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004).

## III. Discussion

"[R]*es judicata*, or claim preclusion, forecloses relitigation of claims that were or could have been raised in a prior action." *Id.* at 312–13 (citing *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 414 (1980)). For a claim to be barred by *res judicata*, four elements must be met:

> (1) the parties in both the prior suit and the current suit must be identical;
> (2) a court of competent jurisdiction must have rendered the prior judgment;
> (3) the prior judgment must have been final and on the merits; and
> (4) the plaintiff must raise the same cause of action in both suits.

*Id.* at 313 (citing *Howe v. Vaughn*, 913 F.2d 1138, 1143–44 (5th Cir. 1990). The parties did not dispute the first three elements in the district court.[2] As the district court noted, the parties in *Goerz I* and *Goerz II* are identical. Second, the district court had jurisdiction under 18 U.S.C. § 1331 in deciding *Goerz I*. Third, the grant of summary judgment for the Secretary in *Goerz I* was a final judgment. The remaining question, therefore, is whether Goerz "raise[d]

---

[2] Goerz asserts, for seemingly the first time on appeal, that the parties in *Goerz I* and *Goerz II* are not identical because different "responsible management officials" were involved throughout his time at Laughlin. As this argument was not raised before the district court, it is forfeited. *XL Specialty Ins. Co. v. Kiewit Offshore Servs., Ltd.*, 513 F.3d 146, 153 (5th Cir. 2008). In any event, the only named parties in both cases are Goerz and the Secretary of the USAF.

3

the same cause of action in both [*Goerz I* and *Goerz II*]." *Davis*, 383 F.3d at 313.

To determine whether the suits raise the same cause of action, "we apply the 'transactional' test." *Id.* (citation omitted). Under that test, the *Goerz I* judgment will be preclusive on a subsequent action "with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose." *Id.* (quoting *Petro–Hunt, L.L.C. v. United States*, 365 F.3d 385, 395–96 (5th Cir. 2004) (alteration in original)). Whether facts are a part of the same transaction or series of transactions is determined by considering "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.* (citation omitted). The "critical issue" is whether the actions are based on the "same nucleus of operative facts." *Id.*

In *Goerz I*, Goerz brought a Title VII retaliation claim for alleged discrimination and retaliation based on his previous Equal Employment Opportunity ("EEO") complaints, national origin, and religion. 2023 WL 6394396, at *1–2. In the second case, Goerz again alleges unlawful discrimination and retaliation because of his national origin and EEO complaints, and he refers to the same three EEO filings that formed the basis of his retaliation claim in *Goerz I*. While the facts alleged in *Goerz II* extend back to 2010, they all relate to Goerz's employment at Laughlin Air Force Base and predate the claims in *Goerz I*. That the potential remedies from each case wouldn't overlap does not cure the preclusive effect of *res judicata*, as "[t]he nucleus of facts defines the claim rather than the legal theory posed or recovery sought." *Matter of Howe*, 913 F.2d 1138, 1144 n.10 (5th Cir. 1990). The district court correctly held that "[b]oth cases originate from the same continuing course of discriminatory conduct and are therefore barred by the doctrine of res judicata."

No. 24-50383

Goerz also asserts that he was unable to include these claims in *Goerz I* because they were not administratively exhausted before the EEOC until the decision on February 8, 2023. However, "a plaintiff who brings a Title VII action and files administrative claims with the EEOC must still comply with general rules governing federal litigation respecting other potentially viable claims." *Davis*, 383 F.3d at 316 (internal quotations omitted); *see also Murry v. Gen. Servs. Admin.*, 553 F. App'x 362, 366 (5th Cir. 2014) (discussing how a plaintiff can avoid losing their right to bring claims in federal court while pursuing administrative remedies).

For the foregoing reasons, we AFFIRM.